EXHIBIT 1

ELECTRONICALLY FILED - 2022 Apr 06 6:27 PM - CALHOUN - COMMON PLEAS - CASE#2022CP090055

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE |
| COUNTY OF CALHOUN ) | NINETH JUDICIAL CIRCUIT |
| ) | |
| MARIA ALPIZAR and ) | |
| EDUARDO ALPIZAR, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | COMPLAINT |
| ) | (Jury Trial Requested) |
| CANADIAN FLATBEDS, LTD. ) | |
| and SHAMSHER SINGH ) | |
| ) | |
| DEFENDANTS. ) | |
| _____ ) | |

The Plaintiff above-named would show unto this Court:

## FOR A FIRST CAUSE OF ACTION
### (Negligence)

1.    The parties and subject matter herein contained are within the jurisdiction of this Honorable Court.

2.    The Plaintiff Eduardo Alpizar is a resident of Hollywood, Florida.  The Plaintiff Maria Alpizar is a resident of Hollywood, Florida.  Upon information and belief, the Defendant Canadian Flatbeds Ltd. is a company organized under the laws of Ontario, Canada.  Shamsher Singh, upon information and belief is a resident of Ontario, Canada.

3.    At the times hereinafter mentioned, the Plaintiff is informed and believes that the Defendant Singh was operating a 2016 Freightliner tractor trailer that was owned and maintained by the Defendant Canadian Flatbeds, Ltd.

4.    At the times hereinafter mentioned the Plaintiff Eduardo Alpizar was operating a 2012 Freightliner tractor trailer and the Defendant Maria Alpizar was a passenger.

5.    Defendant Singh was an officer, agent, servant an/or employee of Defendant Canadian Flatbeds Ltd., and was at all times herein complained of acting within the course and

ELECTRONICALLY FILED - 2022 Apr 06 6:27 PM - CALHOUN - COMMON PLEAS - CASE#2022CP090055

scope of his relationship  with Defendant Canadian Flatbeds Ltd., so that the doctrine of Respondeat Superior applies to the company Defendant.

6.     On or about April 10, 2019 at approximately 2:00 P.M. the Plaintiffs were traveling west in the far right-hand lane on Interstate 26 in Calhoun County, South Carolina. The Defendant Singh was also traveling west in the far right-hand lane on Interstate 26, directly behind the Plaintiffs. Defendant Singh, who was traveling too fast for conditions and too closely to Plaintiffs, violently struck and crashed his tractor trailer into the back of the tractor trailer in which the Plaintiffs occupied.

7.     As a direct and proximate result thereof, Plaintiffs suffered great physical harm and injury from the impact and from being thrown about the interior of the tractor trailer, all of which has caused them much physical pain and suffering and has caused them to spend money for medical services and to lose money in the nature of wages and earnings.

8.     As a direct and proximate result thereof, the Plaintiffs are informed and believe that they suffered permanent injuries, both physically and mentally as a result of the foregoing.

9.     The injuries and damages sustained by the Plaintiffs were the direct, foreseeable, and proximate result of the negligent, willful, wanton, careless, and grossly negligent and unlawful conduct on the part of Defendant's who breached their duty to the Plaintiffs in one or more of the following particulars:

(a)     Operating the tractor trailer at a rate of speed that was improper for the circumstances then prevailing;

(b)     In failing to keep a proper lookout;

(c)     In failing to maintain proper control over the tractor trailer;

(d)     In failing to take advantage of any last clear chance to avoid striking Plaintiffs when

the Defendant Singh saw, or should have seen, the Plaintiffs;

    (e)    In failing to take any evasive action, by any means, to keep from striking the Plaintiffs;

    (f)    In colliding with the Plaintiffs;

    (g)    In failing properly to observe the road, traffic and driving conditions;

    (h)    In failing to exercise that degree of care that a reasonable and prudent person would have exercised under the same and similar circumstances;

    (i)    In operating a tractor trailer with a reckless disregard for the rights and safety of others, and especially the rights and safety of the Plaintiffs;

    (j)    In failing to properly drive or inspect the tractor trailer;

    (k)    In violating the laws, statutes, and ordinances of the State of South Carolina;

    (l)    In failing to apply brakes or driving with defective brakes.

    (m)    In failing to give an audible signal or warning to the Plaintiffs of the impending collision;

    (n)    In failing to apply the brakes;

    (o)    In failing to maintain Defendant's vehicle in a proper operating condition;

    (p)    In failing to exercise proper maneuvers to avoid a collision;

    (q)    In driving too closely to others, including the Plaintiffs, for prevailing conditions.

    10.    That as the direct and proximate result of the aforesaid negligence, willfulness, wantonness and recklessness and careless acts or omissions of the Defendants, the Plaintiffs were thrown in and about the vehicle; the Plaintiffs were greatly and severely injured in and about their head, neck, arms, body, shoulders, back and other parts of their bodies; the Plaintiffs were rendered sick, sore, disabled, bruised, shocked thereby and continue to be; that all such injuries have caused

ELECTRONICALLY FILED - 2022 Apr 06 6:27 PM - CALHOUN - COMMON PLEAS - CASE#2022CP0900055

ELECTRONICALLY FILED - 2022 Apr 06 6:27 PM - CALHOUN - COMMON PLEAS - CASE#2022CP090055

the Plaintiffs extreme and excruciating pain continuously to this date and Plaintiffs will suffer such pain in the future; that as a direct and proximate result of the negligence aforementioned, Plaintiffs suffered severe bruises and contusions and great pain, suffering, mental anguish and discomfort.

11.     That as a direct and proximate cause of the said negligence, willfulness, wantonness, recklessness, and gross negligence on the part of the Defendant's, individually and together:

(a)     Plaintiffs were confined to the care and treatment of skill practitioners of the healing arts and nurses;

(b)     Plaintiffs are presently being treated by such persons and will continue to receive treatment from them in the future;

(c)     Plaintiffs have expended a large sum of money for such treatment and will be obligated to expend even more money in the future for such care and treatment;

(d)     Plaintiffs were hindered and prevented and, in the future, will be hindered and prevented from transacting and attending to the Plaintiffs' necessary and lawful affairs since the date of the collision and lost and were deprived of gains, profits, salaries, pleasures, advantages and earning capacity and ability which Plaintiffs would have otherwise derived and acquired had it not been for the accident;

(e)     Plaintiffs were in the past, at present and will in the future, be put to great expense for medicine, drugs and medical attention;

(f)     Plaintiffs have expended large sums of money in the past and present for transportation to and from their medical provider's offices and will continue to have such expenses in the future and have been permanently impaired as a result of the collision.

ELECTRONICALLY FILED - 2022 Apr 06 6:27 PM - CALHOUN - COMMON PLEAS - CASE#2022CP0900055

12.     That as a direct and proximate result of the foregoing acts by the Defendants, Plaintiffs have suffered actual damages and is demanding a judgment against the Defendants in a sum sufficient to compensate them for those damages.

13.     That Plaintiffs are informed and believe that they are also entitled to an award of punitive damages as a result of the Defendants gross and reckless conduct.

## FOR A SECOND CAUSE OF ACTION
(Negligent Entrustment and Training)

14.     Plaintiff repeats and realleges the aforementioned paragraphs as fully as if repeated herein and further alleges:

15.     Upon information and belief, Defendant Canadian Flatbeds, Ltd. supplied and arranged for the use of the 2016 Freightliner tractor trailer to Defendant Singh and did place or entrust the operations and control the vehicle to him.

16.     Defendant Canadian Flatbeds, Ltd. knew, had reason to know or should have known, that Defendant Singh had a record of dangerous, reckless and incompetent driving and that he would be likely to use the 2016 Freightliner tractor trailer provided in a manner involving unreasonable risk of physical harm.

17.     Defendant Canadian Flatbeds, Ltd. knew, had reason to know or should have known, that by allowing Defendant Singh the use of the 2016 Freightliner tractor trailer could involve the risk of physical harm to others.

18.     Defendant Canadian Flatbeds, Ltd. knew or should have known that Defendant Singh was incompetent to operate the 2016 Freightliner tractor trailer in a safe manner, but nonetheless placed or entrusted it to him control and such entrustment was negligent.

19.     The Plaintiff was a member of a foreseeable class of persons who would be at risk of suffering physical harm as a result of Defendant Singh's operation of the 2016

Freightliner tractor trailer.

20.    Defendant Canadian Flatbeds, Ltd. knew or should have known that Defendant Singh was not properly trained or did not properly train him to operate the 2016 Freightliner tractor trailer in a safe manner, but nonetheless placed or entrusted it to him control and such entrustment and failure to properly train Defendant Singh was negligent.

21.    The negligence of Defendant Canadian Flatbeds, Ltd. in entrusting the 2016 Freightliner to Defendant Singh concurrently and proximately caused injury to the Plaintiffs.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendants for an award of actual and consequential damages in an amount sufficient to properly compensate Plaintiff for the actual damages sustained, plus an award of punitive damages in an appropriate sum; and for the cost of this action, including attorney's fees, and for such other and further relief as the Court may deem just and proper.

/s/ Charles J. Brooks, II
Charles J. Brooks, II
SC Bar No: 15262
Attorney for the Plaintiff
P.O. Box 1147
Columbia, South Carolina 29202
(803) 252-1400

Columbia, South Carolina

Dated: April 6, 2022

ELECTRONICALLY FILED - 2022 Apr 06 6:27 PM - CALHOUN - COMMON PLEAS - CASE#2022CP0900055